IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:05-cr-30015-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| FOY JAMES CHANDLER, | |
| Defendant. | |

AIKEN, District Judge:

Before the Court is defendant Foy James Chandler's Unopposed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (doc. 76). The Court held a hearing on November 16, 2021 and granted the motion for the following reasons.

Mr. Chandler was originally sentenced to concurrent 92-month sentences by this Court in 2005, following his guilty pleas to two counts of being a felon in possession of a firearm. On February 20, 2020, the Court revoked Mr. Chandler's

supervised release, in part for committing new drug and unlawful possession of firearms offenses in Jackson County, Oregon. The Court also sentenced him to a 12-month term of imprisonment, to be served consecutively to his state sentences for those offenses. Mr. Chandler was in custody of the Oregon Department of Corrections for the worst of the COVID-19 pandemic. Eventually, due to Mr. Chandler's health conditions, the nature of his offense, the amount of his state sentence he had served, and his disciplinary record, Oregon Governor Kate Brown commuted his state sentence. Mr. Chandler was then transferred to the Custody of the Bureau of Prisons ("BOP"). He is now being held at Federal Detention Center ("FDC") SeaTac and has a projected release date of March 20, 2022.

Mr. Chandler is 54 years old and suffers from serious health conditions, including Stage 4 cirrhosis of the liver, Hepatitis C, esophageal varices, "ground glass" nodules in his lungs, and hypertension. He has become infected with COVID-19 twice and continues to suffer complications from COVID-related pneumonia. Currently, BOP is reporting 1 confirmed, active COVID infections among inmates, 172 inmates recovered, and 49 staff recovered at FDC SeaTac. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/Coronavirus (last visited Nov. 16, 2021). And Mr. Chandler has had trouble getting the level of care he needs at the facility. Recently, his mental health and hypertension medications were not renewed due to an oversight by medical staff.

Mr. Chandler asks the Court to reduce his sentence to time served and order him to reside in a residential reentry center. At the hearing, the United States

Page 2 – OPINION AND ORDER

Probation Office reported that they have determined that placement at the Northwest Regional Reentry Center ("NWRRC") in Portland would be appropriate at this time, whether Mr. Chandler will transition back to Southern Oregon will be reevaluated later. While in Portland, Mr. Chandler will be on both federal and state supervision and the Probation Office will work with the Multnomah County probation officers to ensure that Mr. Chandler participates in the trauma-informed mental health treatment that he needs. Mr. Chandler also reports that he was recently approved for social security benefits and will work with Central City Concern to obtain low-income housing in Portland following his release from the NWRRC. If he finds housing, he plans to stay in Portland.

      The Court agrees with the parties that Mr. Chandler's serious medical conditions, combined with the global COVID-19 pandemic and resulting lockdowns at BOP facilities, which prevent him from being able to engage in necessary self-care for his conditions, present extraordinary and compelling reasons to reduce his sentence. The Court also finds that the sentencing factors enumerated in 18 U.S.C. § 3553(a) weigh in favor of compassionate release, especially given the just over fourth-month sentence reduction that Mr. Chandler seeks. Based on these findings, Mr. Chandler is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and his motion (doc. 76) is GRANTED. *See United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) ("For a § 3582(c)(1)(A)(i) motion filed by a defendant, courts currently consider (1) whether extraordinary and compelling reasons warrant such a

reduction; and (2) the factors set forth in section 3553(a) to the extent that they are applicable." (Internal quotation marks omitted.)).[1]

Mr. Chandler's sentence is, therefore, reduced to time served. He shall be released to the NWRRC where he shall reside for up to 180 days. Mr. Chandler shall also appear at for regularly scheduled status conferences, the first of which the Court will schedule within 30 days of his release. Implementation of the Amended Judgment and Commitment Order shall be delayed for 10 days pending placement at the NWRRC.

IT IS SO ORDERED.

Dated this  16th  day of November 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge

---

[1] 18 U.S.C. § 3582(c)(1)(A) also imposes an administrative exhaustion requirement on motions brought by a defendant. "[A] court may not consider a motion brought" by a defendant "under § 3582(c)(1)(A) unless . . . the inmate has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf" or "30 days have elapsed since the warden of the inmate's facility received a compassionate-release request from the inmate." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (internal quotation marks omitted and alterations normalized). This administrative exhaustion requirement is not jurisdictional. *Id.* at 1282. Instead, it is "a mandatory claim-processing rule that must be enforce when properly invoked." *Id.* Here, Mr. Chandler has not presented evidence that he submitted a compassionate release request to the warden of FDC SeaTac. But because the Government does not object to his motion on exhaustion or any other grounds, Mr. Chandler's failure to show administrative exhaustion does not bar this Court from granting his motion.

Page 4 – OPINION AND ORDER